NEW ORLEANS, MAY, 1871.     521

The New Orleans, Mobile and Chattanooga Railroad Company v. Zeringue.

No. 3382.—THE NEW ORLEANS, MOBILE AND CHATTANOOGA RAILROAD
COMPANY *v.* CAMILLE ZERINGUE.

In case of a railroad company that has obtained a right of way through the domain of the
State, and the authority is given the company to force the alienation of such private
property as may lie on the line or route of the road, and is required for the uses and
location thereof, a scrupulous regard to the ascertainment of a just and full valuation of
the property to be taken from the owner, and the compensation to be given him, must be
observed. If, therefore, as in the present case, one set of commissioners have made a
report of the value of the property, which was set aside by the judge *a quo*, at the request
of the company, and another has been appointed, who, after taking further testimony,
have made a second report, reducing the value of the property to be taken below one-half
that placed upon it by the first set of commissioners, which latter estimate is approved by
the judge *a quo*, the Supreme Court will, on appeal, in the exercise of their discretionary
powers in such cases, remand the cause to the court of the first instance, with instruc-
tions that a new commission be appointed, and the case be in other respects proceeded
with according to law.

APPEAL from the Second Judicial District Court, parish of Jeffer-
son. *Pardee, J. John H. Ilsley, Jr.*, and *Fellows & Mills*, for
plaintiffs and appellees. *H. D. Ogden* and *E. Bermudez*, for defendant
and appellant.

TALIAFERRO, J. The plaintiffs, under the act of the Legislature of
this State, approved August 19, 1868, entitled "An act relative to the
New Orleans, Mobile and Chattanooga Railroad Company, a corpora-
tion of the State of Alabama, and authorizing and empowering said
company to exercise and enjoy its corporate powers and franchises in
the State of Louisiana," filed a petition in May, 1870, in the District
Court of the Second Judicial District, sitting in and for the parish of
Jefferson, setting forth that it is absolutely and essentially necessary
for the company to obtain, as auxiliary and ancillary in the prosecu--
tion of their work, the quantity of one hundred and ninety-two acres
of land, constituting a part of the plantation of the defendant, lying
on the right bank of the Mississippi river, about —— miles above the
city of New Orleans. That the railroad now being built under the
authority of the State of Louisiana, granted by the act referred to, is
to traverse and pass through the plantation of the defendant, and that
for the purposes of wharves, depots, turnouts and other purposes, the
specified quantity of land is needed; that the company have used in
vain all amicable means to purchase at a fair and reasonable price
from the defendant the quantity of land so required, an accurate sur-
vey of which they had made, and a diagram of which was filed with
their petition. The petition closes with the prayer that the defendant
have due notice, and that, contradictorily with the petitioners, the
court render an order, in conformity with the provisions of the fifth
section of the act referred to, appointing three competent and disin-
terested freeholders to ascertain and appraise the compensation to be
made to the defendant for that portion of his land which it is necessary
to expropriate for the purposes expressed.

66

The preliminary notices having been given, the judge of the district court rendered an order appointing three freeholders as commissioners, for the purposes expressed in the fifth, sixth and seventh sections of the act granting franchises to the company within the State of Louisiana. The commissioners thus appointed were duly sworn, and proceeded to the discharge of their duties. They met on the nineteenth, twenty-fourth and thirty-first days of May, 1870, and received the testimony of a number of witnesses, introduced by the parties, relative to the question of compensation. On the second June they made out their report. Two of the three agreed upon the sum of $50,000; the other fixed the compensation at $37,000. It seems that on the presentation of this report, the court, at the instance of the plaintiffs' counsel, dismissed the proceedings without prejudicing the plaintiffs' right to renew them. They were shortly afterwards renewed. Three other commissioners were appointed, and met in pursuance of the order rendered. A mass of testimony was again taken; many of the witnesses who were previously called were re-examined, and the testimony taken before the first set of commissioners was introduced in evidence before their successors. The result was a report fixing the value of the compensation to the defendant at $18,000.

An opposition was filed on the part of the defendant to the confirmation of this report, and afterwards an amended opposition was presented. Various grounds are set up in these oppositions. It is alleged that the act of August 19, 1868, is unconstitutional, as being in violation of articles 73 and 94, State Constitution. Many reasons are offered to show that the damages and loss to the defendant by the appropriation of so large a portion of his front lands, would greatly exceed the estimated compensation; that the commissioners erred in their appreciation of the evidence given before them, and that since the testimony was closed before the Board of Commissioners, the opponent had discovered new and important evidence, not within his means of knowing previously. A formal affidavit in support of the last ground of opposition was filed. The opponent prayed that the case might be reopened before the same or other commissioners to be appointed by the court.

Judgment was rendered overruling the opposition and confirming the report of the commissioners, and the defendant appealed.

After examining attentively the mass of evidence appearing in the record before us, we are not satisfied that the judge a quo was correct in rendering the judgment appealed from. The discrepancy between the estimates of the two sets of commissioners, all of whom we conclude were well selected with reference to their capacity for the business, is very striking. In such a case we think it probable there is error, and in matters of forced alienations there should be scrupu-

lous regard to the ascertainment of a just and full valuation of the property to be taken from the owner, and the compensation to be made to him, after a due consideration of all the elements entering into such estimates. We think the subject should undergo further examination.

To this end, it is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that this case be remanded to the court of the first instance, with instructions to submit it again to three commissioners to be appointed by him, in order that the same may be reopened, and the parties allowed to introduce further evidence, and the case to be further proceeded with according to law; the plaintiffs and appellees paying costs of this appeal.